IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY WHITNEY NORMAN,    §
TDCJ #1718789,    §
    §
      Petitioner,    §
    §
v.    §    CIVIL ACTION NO. H-12-2106
    §
RICK THALER, Director,    §
Texas Department of Criminal Justice -    §
Correctional Institutions Division,    §
    §
      Respondent.    §

## MEMORANDUM AND ORDER

State inmate Anthony Whitney Norman (TDCJ #1718789) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. At the Court's request, Norman has filed an amended version of his petition that includes a memorandum of law and procedural chronology of his state court proceedings. [Doc. # 4]. After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

## I.     BACKGROUND

A jury in the 262nd District Court of Harris County, Texas, found Norman guilty of murder in cause number 1248767. On May 12, 2011, Norman was sentenced to serve a 22-year term in prison. Norman has filed a direct appeal. He notes, however, that there has been no decision in that proceeding, which remains pending before a local intermediate court of appeals. *See Norman v. State*, No. 14-11-00433-CR (Tex. App. — Houston [14th Dist.]).

According to the amended federal habeas corpus petition that is dated August 3, 2012, Norman now seeks relief from his state court conviction under 28 U.S.C. § 2254. Norman contends that he is entitled to relief on the following grounds: (1) the evidence is both legally and factually insufficient; (2) the grand jury indictment was improper; (3) he was denied his choice of counsel; (4) the trial court erred by denying his motion to suppress inculpatory statements to police; (5) the prosecutor engaged in misconduct; and (6) the trial court erred by refusing to hold a hearing on his motion to dismiss the grand jury indictment. [Doc. # 4, at 6-7]. It appears that Norman has raised each of these issues on direct appeal, which remains pending. Norman argues, however, that the intermediate court of appeals and the Texas Court of Criminal Appeals have violated his right to due process by extending certain appellate deadlines in the State's favor. [*Id.* at 6a]. Arguing that this delay is unreasonable and inordinate, Norman requests federal review of his claims under 28 U.S.C. § 2254(d).

For reasons discussed further below, the petition must be dismissed as premature because Norman has not yet exhausted available state court remedies with respect to these claims.

## II.    EXHAUSTION OF REMEDIES

The petition in this case is governed by 28 U.S.C. § 2254(d), which authorizes relief from a state court judgment where an adjudication on the merits has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." This statutory scheme mandates that "[a]n application for a writ of habeas corpus on behalf of a person in custody

2

pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise, *sua sponte*, a petitioner's failure to exhaust. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals;

and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Norman concedes that the challenged conviction, which was entered on May 12, 2011, remains pending on direct appeal and that the Texas Court of Criminal Appeals has not yet considered the substance of his claims.  Thus, there has been no adjudication on the merits for purposes of review under 28 U.S.C. § 2254(d).  Although Norman complains that a ruling has been delayed, the chronology that he provides shows that there have been numerous motions filed by both the appellee and the appellant, including a motion by Norman to dismiss his court-appointed appellate counsel, which required a hearing.  [Doc. # 4, at 20]. The length of delay is neither inordinate, nor entirely attributable to the State of Texas. Under these circumstances, Norman does not demonstrate that the delay in his case meets a recognized exception to the exhaustion requirement.  *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir. 1993).

Norman's allegations do not otherwise show that exceptional circumstances exist that would excuse his failure to exhaust available state remedies. Comity requires this Court to defer consideration of Norman's claims until the state courts have completed an adjudication on the merits.  *See, e.g., Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion

doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).  Accordingly, the pending federal habeas petition must be dismissed without prejudice as premature.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).  Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

For these reasons, the Court **ORDERS** as follows:

1.    The petitioner's motion for leave to proceed *in forma pauperis* [doc. # 5] is

        **GRANTED**.

2.    The petition is **DISMISSED WITHOUT PREJUDICE**.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>August 17                        </u>, 2012.

_____
Nancy F. Atlas
United States District Judge